Filed 2/25/14  In re Alex M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEX M.,<br><br>    Defendant and Appellant. | 2d Crim. No. B249316<br>(Super. Ct. No. 2011026387)<br>(Ventura County) |

Former minor Alex M. appeals the juvenile court's denial of his motion for an order compelling the county jail to provide him medical treatment for his acne.  (Welf. & Inst. Code,[1] § 727, subd. (a)(1).)  Appellant sought to continue treatment he had previously received while in custody at juvenile hall awaiting trial as an adult on charges including first degree murder.  (§ 707; Pen. Code, §§ 187, subd. (a), 189.)  He was transferred to county jail on his 18th birthday pursuant to section 208.5, after the court dismissed a subsequent wardship petition upon which he was never arraigned.[2]

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] Appellant was already a ward of the juvenile court pursuant to a prior wardship petition when the subsequent wardship petition was filed.  His appeal from the order dismissing the subsequent wardship petition is dismissed in a separate opinion.

When the court dismissed the subsequent wardship petition, it noted that appellant remained a ward of the court and stated, "[I] always remain[] open to modifying the terms of probation to provide whatever services the court determines are correct and necessary for the minor's wellbeing."

Appellant was transferred to county jail in November 2012. On April 26, 2013, his attorney filed the motion that is the subject of this appeal. The court denied the motion on the ground that it should have been filed in the trial court. The motion was denied without prejudice in the event that the trial court "declines jurisdiction over this issue." The record does not reflect whether a motion was ever brought in the trial court. Appellant filed a timely notice of appeal.

On October 24, 2013, appellant was convicted of first degree murder. On November 25, 2013, he was sentenced to 26 years to life in state prison. Two days later, he was transferred to Wasco State Prison to begin serving his sentence.[3]

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We subsequently advised appellant that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. We received no response.

Having examined the entire record, we are satisfied that appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende, supra*, 25 Cal.3d at p. 441.) Indeed, the appeal is moot because appellant is no longer in custody at the county jail and the juvenile court no longer has jurisdiction. Because no effective relief can be granted, we dismiss the appeal. (See *Steiner v. Superior Court* (2013) 220 Cal.App.4th 1479,

---

[3] We take judicial notice of appellant's conviction, sentence, and transfer to state prison. (Evid. Code, § 452.)

2

1485; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                    PERREN, J.


We concur:


        GILBERT, P. J.


        YEGAN, J.

David R. Worley, Judge

Superior Court County of Ventura

_____


      Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

      No appearance for Plaintiff and Respondent.